UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY RICHARDSON,

            Case No.
  Plaintiff,        Hon.

v.

CITY OF DETROIT, DETROIT POLICE OFFICER
MIKE JACKSON,

  Defendants.

_____/

Mark E. Boegehold (P38699)
The Thurswell Law Firm, PLLC
*Attorneys for Plaintiff*
1000 Town Center, Suite 500
Southfield, MI 48075
(248) 354-2222/(248) 354-2323 (F)
mboegehold@thurswell.com

_____/

## **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

*There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in the complaint.*

_____
Mark E. Boegehold (P38699)

  NOW COMES the Plaintiff, Garry Richardson, by and through and his

attorneys, The Thurswell Law Firm, PLLC, and for his complaint and demand for

trial by jury against the above Defendant, states as follows:

1.      Plaintiff, Garry Richardson, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      That Defendant, Mike Jackson S-413, is a resident of the City of Detroit, County of Wayne, State of Michigan.

3.      That the City of Detroit is a municipal corporation authorized and existing pursuant to the laws of the State of Michigan and operates as part of its city function a police department identified as the City of Detroit Police Department within the County of Wayne, State of Michigan.

## VENUE AND JURISDICTION

4.      That the amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

5.      That venue is appropriate in this Court pursuant to 28 U.S.C. Sec. 1391(b) as this cause of action arises out of an occurrence that took place in the City of Detroit within this District, in the County of Wayne, State of Michigan.

6.      That federal questions are involved.

7.      That Plaintiff brings claims of constitutional violations against the City of Detroit, and Defendant Jackson, pursuant to statutes and common law including, but not limited to, 28 U.S.C. 1331 and 1343, 42 U.S.C. 1983 and 1988, the 4th, 5th and 14th amendments of the United States Constitution arising out of the assault, battery, unlawful detention, and excessive use of force by Defendant City of Detroit

Police Officer Jackson that occurred on or about September 14, 2019, as well as pendant claims arising under the laws of the State of Michigan, 28 USC § 1367, all of which this Court has jurisdiction.

## COUNT I

### FACTUAL CIRCUMSTANCES OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT CITY OF DETROIT AND POLICE OFFICER MIKE JACKSON

8.     Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

9.     At approximately 11:40 p.m. on September 14, 2019, Defendant Jackson was across the street from the Sweetwater Tavern, on duty as a Detroit Police Officer.

10.     That on said date and time, Plaintiff Garry Richardson arrived in his motor vehicle at the Sweetwater Tavern to meet a family member.

11.     That Plaintiff parked his vehicle in front of the Sweetwater Tavern when Defendant Jackson yelled at Plaintiff that he couldn't park there.

12.     That an employee of Sweetwater Tavern then directed Plaintiff to park in another spot directly behind the spot he had originally parked in.

13.     That Plaintiff Garry Richardson, then got out of his vehicle at which time Defendant Jackson, accompanied by two or more other Detroit Police

Officers, approached Plaintiff, grabbed him and threw him to the ground causing serious and permanent injury.

14.    That at no time did Defendant Jackson make any commands to Plaintiff Richardson or issue any instructions.

15.    That at no time did Plaintiff Richardson resist any implied or explicit command or instruction, or in any way verbally or physically resist Defendant Jackson or the other officers.

16.    At no time did Plaintiff Richardson threaten Officer Jackson or any other officers or anyone else.

17.    That Plaintiff Richardson was peacefully exiting his vehicle when he was overwhelmed and attacked by Defendant Jackson and other officers.

18.    That Defendant Jackson grabbed Plaintiff, and threw him to the ground without cause or justification.

19.    That after causing severe bodily injury to Plaintiff, Defendant Jackson, without any justification, emptied Plaintiff's pockets, took his keys, arrested him and searched his car.

20.    That, without any justification, Defendant Jackson took Plaintiff into custody and confined him in jail for seven hours into the next day, September 15, 2019.

21.    That no charges were ever filed against Plaintiff.

22.     That the actions of Officer Jackson resulted in severe, permanent injury to Plaintiff and constituted assault, battery, gross negligence, false imprisonment, unlawful retention and violation of civil and constitutional rights as more fully stated herein.

23.     That a no time during the encounter between Officer Jackson and Garry Richardson, did Garry Richardson reach for a weapon, draw a weapon, resist arrest, or give any indication that he was in any way a danger to Defendant Jackson, the other officers, or to the general public.

24.     That as a, and the, direct proximate result of the assault, battery, excessive force, false imprisonment and unlawful retention, Plaintiff suffered damages including but not limited to pain and suffering, emotional distress and trauma, embarrassment, mortification, humiliation, disability, disfigurement, and property damage, reasonable medical and hospital expenses past, present and future, loss of wages and wages earning capability, past, present and future, and Plaintiff also claims punitive and exemplary damages, costs, interest and attorney fees.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in his favor in an amount to be determined by a jury as well as costs, interest, attorney fees, punitive damages, exemplary damages and all damages allowable under state and federal laws.

## COUNT II

### <u>VIOLATION OF RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 AS TO DEFENDANT MIKE JACKSON</u>

25. Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

26. That at all times relevant to this cause of action, Officer Jackson was an employee and police officer of the City of Detroit Police Department and was acting within the scope of his employment and under the color of law.

27. It is well established that the rights to be free from excessive force, to be free from unreasonable seizure, free from unlawful detention and to be guaranteed equal protection under the law and to not be deprived of life, liberty, the pursuit of happiness or property without due process of law are guaranteed by the Fourth, Fifth and Fourteenth Amendment's protections and are constitutionally protected rights.

28. A police officer's use of excessive force is a "seizure" within the meaning of the Fourth Amendment.

29. That Defendant's actions described above resulted in the violation and deprivation of Plaintiff's decedent's constitutional rights including but not limited to the following:

    A.    The right to be free from unreasonable seizure, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

    B.    The right to not be deprive of life, liberty, property, or the pursuit of happiness without due process of law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution;

    C.    The right to be free from the use of excessive force and unlawful retention by officers, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

    D.    The right to equal protection of the law, as guaranteed by the Fourteenth Amendment of the United States Constitution.

30.    That throughout all times of this cause of action, Defendant Jackson owed a duty to the public, but especially to Garry Richardson, to act in a lawful and reasonable manner, and to avoid the unnecessary, unreasonable, illegal and excessive force in violation of Garry Richardson's constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

31.    That Detroit Police Officer Jackson reverted to the use of excessive force, throwing an unresisting Garry Richardson to the ground.

32.    That Defendant Jackson engaged in the use of excessive and unnecessary force, which, under the circumstances, constituted unnecessary, unreasonable, illegal and excessive force in violation of Garry Richardson's constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

33.     That Plaintiff alleges there are no objective or objectively reasonable factors or evidence to justify the attack on Garry Richardson, and the violation and deprivation of constitutional rights described herein,  and that any statement by Defendant, City of Detroit Police Officer Jackson, that he feared for his own safety is insufficient and not objectively reasonable to permit the excessive and egregious seizure and battery of Plaintiff, denial of equal protection, used of excessive force or deprivation of life and liberty of Garry Richardson, under the circumstances.

34.     That Garry Richardson was attacked and thrown to the ground in an objectively unreasonable manner which constitutes the unlawful, unconscionable and egregious "seizure" of Plaintiff in violation of established law.

35.     That City of Detroit Police Officer Jackson, with intent to cause great bodily harm and excessive force necessary to accomplish the unlawful arrest of Garry Richardson, thereafter, assured injury to Garry Richardson by throwing him to the ground and otherwise committing acts of battery in an excessive, egregious and objectively unreasonable manner.

36.     That as of December 1, 2015, it was known in the existing law that the Fourth Amendment precluded the use of excessive force by the government upon an individual or civilian, so to accomplish an arrest, let alone an unlawful arrest, as the same constitutes an unlawful seizure.

37.     The City of Detroit Police Officer Jackson's battery of Plaintiff,

constituted objectively unreasonable excessive force and the unlawful seizure of

Plaintiff, and denial of liberty of Garry Richardson, in violation of the Fourth, Fifth

and Fourteenth Amendments of the United States Constitution.

38.     That Plaintiff alleges and pleads that the use of force by Defendant,

Detroit Police Officer Jackson was greater than reasonable, and was objectively

unreasonable under the circumstances.

39.     That there were no objective factors or evidence to justify the attack,

battery, false imprisonment and unlawful detention of Plaintiff Garry Richardson.

40.     That Defendant City of Detroit Police Officer Jackson's actions and

false imprisonment, unlawful detention and battery of Garry Richardson violated

the United States Constitutions Fourteenth Amendment of due process clause as

arbitrary and capricious conduct such that Plaintiff asserts that said Defendant's

actions constituted egregious and arbitrary government and official conduct in

violation of the Fourteenth Amendment of the United States Constitution that

"shocks the conscious" and directly and proximately deprived Plaintiff Garry

Richardson, of his constitutional rights of life and liberty.

41.     That Defendant City of Detroit Police Officer Jackson's actions

described above violated the Fifth Amendment to the constitution which

guarantees no person will be deprived of life, liberty or property without due process of law.

42.    That "force" even if less than deadly force, is not to be deployed lightly, Trummon v. Anheim, 343 F.3rd 1052 at 1057 (2003).

43.    That the battery of Garry Richardson constituted objectively unreasonable and excessive force and willful and wanton and unconscionable conduct under the circumstances, which proximately caused a violation of constitutional rights of Plaintiff, Garry Richardson, to be free from unreasonable seizure under the Fourteenth and other Amendments of the Constitution.

44.    That as a direct and proximate cause of the Defendant City of Detroit Officer Jackson's unconscionable and egregious conduct and actions, the constitutional rights of Plaintiff, Garry Richardson, were violated, including his liberty for which Plaintiff claims damages against City of Detroit Police Officer Jackson.

45.    That Defendant Jackson used excessive force against Garry Richardson when there was no threat of immediate serious harm that Plaintiff Richardson posed to Defendant Jackson, other officers, or the general public, and no reasonable police officer in Defendant Jackson's position, when faced with the circumstances that Defendant Jackson faced, would have believed that the use of excessive force was reasonable or necessary.

46.     That Defendant Jackson's use of unnecessary, unreasonable, illegal and excessive force as described herein was objectively unreasonable, and any reasonable governmental official in Defendant Jackson's position at all times relevant to this cause of action would have known that such use of force under the circumstances as they were presented to him were unnecessary, unreasonable, illegal, and excessive.

47.     Use of unnecessary, unreasonable, illegal and excessive force by Defendant Jackson against Garry Richardson amounted to a violation of Garry Richardson's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and those rights were clearly established at all times relevant to this cause of action, such that a reasonable person and governmental official in Defendant Jackson's position would have known that the use of such force was objectively unreasonable and in violation of Garry Richardson's constitutional rights.

48.     That the actions by Officer Jackson described above constituted deliberate indifference.

49.     That all above allegations apply to the unlawful retention of Garry Richardson.

50.     That Officer Jackson is not entitled to qualified immunity.

51.    That as a direct and proximate result of Defendant Jackson's use of unnecessary, unreasonable, illegal, and excessive force, Garry Richardson suffered a violation of his constitutional rights as well as great physical pain, discomfort, suffering, loss of mental capacity, humiliation, disability and disfigurement, degradation, emotional trauma, physical and mental anguish.

52.    As a direct and proximate result of Defendant Jackson's use of unnecessary, unreasonable, illegal, and excessive force, Garry Richardson suffered damages, including, but not limited to,  the following:

A.    Reasonable medical and hospital expenses;

B.    Emotional injury and trauma;

C.    Pain and suffering, disability, disfigurement, mental anguish, emotional distress, embarrassment, humiliation and mortification; all past, present and future;

D.    Past, present and future wage loss;

E.    Any and all other damages identified through the course of discovery otherwise available, and all other damages allowable under Michigan and federal law.

F.    All damages previously described as well as punitive, exemplary and compensatory damages.

53.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court should

order additional damages to be allowed so as to satisfy any and all such inadequacies.

54.    The actions of Defendant Jackson as described above were malicious, deliberate, intentional, and embarked upon with knowledge of, or in conscious disregard of, the harm that would be inflicted upon Garry Richardson.  As a result of such conduct, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendant Jackson and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

## COUNT III

## MUNICIPAL/SUPERVISORY LIABILITY PURUANT TO 42 U.S.C. § 1983 FOR INADEQUATE POLICIES/PROCEDURES/CUSTOMS, FAILURE TO TRAIN, RATIFICATION/ACQUIESCENCE – DEFENDANT CITY OF DETROIT

55.    Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

56.    Pursuant to 42  U.S.C. § 1983, as well as the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Defendant City of Detroit, owed Garry Richardson certain duties to properly hire, supervise, monitor,

and train its employees so as not to violate the constitutional rights of individuals, and Garry Richardson in particular and as alleged throughout this Complaint, and to take proper measures to prevent or otherwise protect individuals such as Garry Richardson in the event that such violations may occur.

57.     Defendant, City of Detroit acting under color of state law is liable pursuant to 42 U.S.C. § 1983, in that its inadequate policies, procedures, training, regulations, and customs, or its failure to enact policies, procedures, training, regulations, and customs caused and was the driving force behind the violation of Garry Richardson's constitutional rights as alleged throughout this Complaint.

58.     Defendant, City of Detroit, through its supervisory personnel at the Detroit Police Department, had decision-making authority to enact policies, procedures, training, regulations, or customs regarding, but not limited to, the use of force by its officers, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

59.     Defendant, City of Detroit, through its supervisory personnel at the Detroit  Police Department, knew or should have known of its officer's, including Defendant Jackson's, propensity to use unnecessary, unreasonable, illegal, and excessive force, in violation of individuals' constitutional rights.

60.     Defendant, City of Detroit, with such knowledge of its officer's propensities, condoned, encouraged, or otherwise knowingly acquiesced in such conduct, which resulted in, or was the driving force behind, the constitutional violations as alleged herein.

61.     Defendant, City to Detroit, with such knowledge of its officers' propensities, condoned, encouraged, or otherwise knowingly acquiesced such conduct and thus acted with deliberate indifference to the violation of Garry Richardson's constitutional rights as set forth throughout this Complaint.

62.     Defendant, City of Detroit, through its supervisory personnel at the Detroit Police Department, was deliberately indifferent to Garry Richardson's constitutional and other rights or made a deliberate and conscious choice despite a pattern of constitutionals violations by failing to promulgate proper policies, procedures, and customs, and failing to properly train personnel and employees to prevent the use of unnecessary, unreasonable, illegal, and excessive force and unlawful retention, in violation of individuals' constitutional rights, including Garry Richardson, as alleged throughout this Complaint.

63.     That such failures were so reckless or grossly negligent that future misconduct was almost certain.

64.     Defendant, City of Detroit, through its supervisory personnel at the Detroit Police Department, was deliberately indifferent to Garry Richardson's constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this Complaint.

65.     Defendant, City of Detroit, through its policies, procedures, regulations, or customs, or lack thereof, breached its duties, which amounted to reckless and/or deliberate indifference toward the general public causing people to face substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to abate it, and toward Garry Richardson specifically, in the following ways, including, but not limited to:

     a.    Failing to properly train its employees regarding the proper use of reasonable and necessary force under the circumstances presented;

     b.    Failure to properly train its employees regarding the proper and permissible use of excessive force on individuals such as Garry Richardson under the circumstances;

     c.    Failing to enact or provide training on proper policies regarding the use of excessive force;

     d.    Hiring and/or the retention of employees whose character and personality pose a potential danger to the public in general and Garry Richardson in particular;

     e.    Failure to adequately monitor the conduct and behavior of its employees in general, but specifically Defendant Jackson, relative to the propensity to engage in the use of unnecessary, unreasonable, illegal, and excessive force such that, despite written policies against such conduct, failure to

sufficiently take action to prevent the occurrence of such conduct has led to the formation of a custom that such conduct will be encouraged and tolerated;

f.   Failure to have proper policies, procedures, and training to deal with the danger of using unnecessary, unreasonable, illegal, and excessive force against individuals, including Garry Richardson;

g.   Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control employees, including Defendant Jackson, who is known or should have been known to engage in the use of unnecessary, unreasonable, illegal, and excessive force;

h.   Failure to supervise and/or train employees to prevent violation of individuals' constitutional rights;

i.   Sanctioning the use of unnecessary, unreasonable, illegal, and excessive force by failing to adequately discipline or terminate employees who are known to have violated the constitutional right of individuals on prior occasions, including but not limited to Defendant Jackson;

J.   Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees;

k.   Ratifying the violation of constitutional rights by employees;

l.   Employing and retaining improperly trained employees and administrators;

m.   Failing to supervise and/or train employees and have proper policies and procedures as to when excessive force can be used and initiated and what steps must initiated before use of excessive force;

n.  All the above apply to unlawful detention; and

o.    Other acts and omissions which may be learned through the course of discovery.

66.    The failures and/or actions set forth above to take action to prevent the use of unnecessary, unreasonable, illegal, and excessive force abuse and unlawful detention by Defendant Jackson was a common pattern and practice among employees and personnel of deliberate indifference such that it constituted a policy or custom and such were followed and enforced by supervisors and administrators of Defendant City of Detroit.

67.    The above above-enumerated actions, failures, and/or inactions constituted deliberate indifference to the danger to Garry Richardson's health, safety, and violation of his constitutional rights by Defendant Jackson, including, but not limited to, those alleged in this Complaint.

68.    As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, Garry Richardson suffered a violation of his constitutional rights, as well as great physical pain and suffering, discomfort, loss of mental capacity, humiliation, degradation, disability, disfigurement, physical and mental anguish, emotional distress, mortification and the loss of his freedom as well as all other injuries and damages described above.

69.    As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, Garry Richardson suffered damages, including, but not limited to those describe above and:

A.  Reasonable medical and hospital expenses;

B.  Reasonable compensation for emotional injury and trauma;

C.  Reasonable compensation for the pain and suffering, disability, disfigurement, past, present and future mental anguish, emotional distress, embarrassment, humiliation and mortification;

D.  Past, present and future wage loss;

E.  Any and all other damages identified through the course of discovery otherwise available, and all other damages allowable under Michigan and federal law; and

F.  All damages previously described as well as punitive, exemplary and compensatory damages.

70.  Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order additional damages to be allowed so as to satisfy any and all such inadequacies.

71.  The actions and/or deliberate indifference of Defendants as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Garry Richardson. As a result of such deliberate indifference,

Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

## COUNT IV

## ASSAULT AND BATTERY BY MIKE JACKSON

72.    Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

73.    The above described actions by Police Officer Jackson constituted forceful, offensive touching of Garry Richardson intended by the Defendant that was not accidental and was against Garry Richardson's will.

74.    That Defendant intended to commit the assault and battery, and did so.

75.    That the assault and battery resulted in the injuries of Garry Richardson and all damages described above.

## COUNT V

## <u>FALSE IMPRISONMENT BY MIKE JACKSON</u>

76.     Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

77.     That Plaintiff was unlawfully seized and detained by Defendant Jackson by physical means with the intention to take Plaintiff into customary and subject Plaintiff in custody to the actual control of and will of Defendant.

78.     That as the proximate result of Plaintiff's false imprisonment, he sustained the injuries and damages described above, as well as the deprivation of his liberty and freedom.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

Respectfully Submitted,

By:_____
Mark E. Boegehold (P38699)
*Attorney for Plaintiff*
1000 Town Center, Suite 500
Southfield, MI 48075
(248) 354-2222

Dated:  February 22, 2021